IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Tammy L,<br><br>            Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security<br><br>            Defendant. | Memorandum Decision and Order Reversing and Remanding the Decision of the Commissioner<br><br><br>Case No. 2:17-cv-1278 BCW<br><br><br>Magistrate Judge Brooke Wells |

Plaintiff, Tammy L, appeals the Commissioner's denial of her application for disability benefits under Title II of the Social Security Act.[1] The court determines the Appeals Council erred in rejecting Ms. L's new evidence. Therefore, discerning reversible error, the court reverses and remands this matter for further consideration in accordance with the court's decision.

I

Ms. L[2] filed for benefits in April 2014 alleging she because disabled beginning May 30, 2012. Plaintiff alleges she is disabled and unable to work due to a variety of conditions. These include a severe anxiety disorder, a back injury, PTSD[3], neuropathy in her feet, panic attacks, depression, IBS[4] and a severe gastrointestinal condition.[5] To establish disability, Ms. B must show that she has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c).

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules.  *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1.

[3] Post-traumatic stress disorder.

[4] Irritable Bowel Syndrome.

[5] Tr. 182 (Tr. Refers to the official transcript of the record before the court).

death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."[6]

Following an initial denial of benefits, Ms. L requested and received a hearing before an administrative law judge (ALJ). The ALJ followed the required five-step sequential evaluation process[7] and found Ms. L had the severe impairments of lumbar spondylosis, peripheral neuropathy, major depressive disorder, generalized anxiety disorder, panic disorder and PTSD.[8] The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with certain additional limitations. After considering the medical evidence, the ALJ found at Step Four that Ms. L could not perform her past work as a certified nursing assistant, customer service representative or residence supervisor. At Step Five, however, the ALJ found Ms. L could perform other jobs that exist in significant numbers in the national economy. These include a Marker, Routing clerk and Mail clerk. Thus, she was not disabled.

Following the ALJ's denial of her application for benefits, Plaintiff submitted additional evidence for the Appeals Council to review. After the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. Ms. L sought review of this decision and raises one question on appeal: did the Appeals Council err by failing to properly consider the additional evidence she submitted?

II

The court reviews the Commissioner's "decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

---

[6] 42 U.S.C. § 423(d).
[7] 20 CFR 404.1520(a).
[8] Tr. 28.
[9] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir.2006).

preponderance."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] Thus, the court may not "'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"[12]

III

Ms. L raises one issue on appeal, did the Appeals Council err by failing to evaluate the additional opinion evidence she submitted after the ALJ issued his decision? The ALJ issued a decision denying benefits on December 13, 2016.[13] Subsequent to the decision, Ms. L requested Appeals Council review and submitted additional evidence. Plaintiff "submitted an opinion from Wayne Moss, M.D., dated February 16, 2017 (7 pages) and an opinion from Victor Baumgarten, LCSW, dated February 16, 2017 (7 Pages)."[14] The Appeals Council declined to review this additional evidence stating "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 13, 2016."[15]

In *O'Dell v. Shalala*,[16] the Tenth Circuit considered whether appellate review for substantial evidence is restricted to the evidence before the ALJ, or whether new evidence submitted to the Appeals Council, becomes part of the administrative record for review. The *O'Dell* court discussed the conflicting case law among the circuits[17] and ultimately chose to

---

[10] *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir.2008) (internal quotation marks omitted).
[11] *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[12] *Id.* (quoting *Custer County Action Ass'n v. Garvery*, 256 F.3d 1024, 1030 (10th Cir. 2001)).
[13] Tr. 41.
[14] Tr. 2.
[15] *Id.*
[16] 44 F.3d 855 (10th Cir. 1994).
[17] *See id.* p. 858-59.

"join the Fourth, Eighth, Ninth, and Eleventh Circuits, in holding that the new evidence becomes

part of the administrative record to be considered when evaluating the Secretary's decision for

substantial evidence."[18] Thus, in the Tenth Circuit, the Appeals Council is to consider new

evidence because it is part of the administrative record.

The Appeals Council review process is guided by the framework set forth in 20 C.F.R. §

404.970.[19] This section provides:

> (a) The Appeals Council will review a case if—
>
>> (1) There appears to be an abuse of discretion by the administrative law judge;
>>
>> (2) There is an error of law;
>>
>> (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence;
>>
>> (4) There is a broad policy or procedural issue that may affect the general public interest; or
>>
>> (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.[20]

Here, the Appeals Council rejected consideration of the evidence for one reason finding

the "additional evidence does not relate to the period at issue."[21] The record undermines this

finding. In February 2017, approximately two months after the ALJ's decision, Dr. Moss and

Victor Baumgarten, LCSW, submitted residual functional capacity forms. Both forms state:

"When did the patient first exhibit symptoms consistent with an anxiety or obsessive-compulsive

---

[18] *Id.* p. 859.
[19] 20 C.F.R. § 404.970 was amended and the current text became effective January 17, 2017, which is prior to the dates on Plaintiff's new evidence and prior to the Appeals Council review.
[20] 20 C.F.R. § 404.970.
[21] Tr. 2.

mental disorder?"[22] In response, the medical providers respectively state: "unknown; since

adolescence" and "childhood."[23] Thus, the plain language on these forms indicates this evidence

does relate to the period at issue before the ALJ. The Government argues this additional evidence

appears far more limiting that that found in the other treatment records. Therefore, the Appeals

Council was justified in rejecting it. A post-hoc argument about the weight of the evidence does

not excuse the Appeals Council's failure to properly review it.

The Government further argues that Ms. L fails to show there is a "reasonable probability

that the additional evidence would change the outcome of the decision."[24] The Appeals Council,

however, made no findings concerning whether this additional evidence would change the

outcome of the decision. Thus, the Government's arguments regarding harmless error are

rejected.[25]

The court finds the Appeals Council's cursory rejection of the new evidence was error.

Therefore, this case will be remanded to the Appeals Council for a proper analysis under 20

C.F.R. § 404.970.[26]

## CONCLUSION AND ORDER

The court concludes the Commissioner's decision is not free of harmful legal error. The

Commissioner's decision is therefore reversed for further consideration in accordance with the

court's decision. The Clerk of the Court is instructed to close this case.

---

[22] Tr. 9, 16.
[23] *Id.*
[24] Defendant's Answer Brief p. 9.
[25] *See e.g., Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that harmless error may apply "in the right exceptional circumstance, i.e. where, based on material the ALJ did at least consider (just not properly), we could confidently say no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").
[26] Subsection (b) of 20 C.F.R. § 404.970 places a burden on claimants to show good cause for not informing the Appeals Council or submitting certain evidence. The applicability of Subsection (b) is to be considered on remand. For example, Plaintiff may need to demonstrate some "unusual, unexpected, or unavoidable circumstance beyond [her] control" that prevented her from submitting the additional evidence earlier. 20 C.F.R. § 404.970(b).

DATED this 22 October 2018.


Brooke C. Wells
United States Magistrate Judge